## Commonwealth ex rel. Salerno v. Banmiller

*James F. Salerno*, p. p.

*Benjamin H. Renshaw, Jr.*, Assistant District Attorney, for respondent.

REIMEL, J., August 18, 1958.—Relator was sentenced by Judge Flood on May 6, 1954, on bill no. 1379, April term, 1954, charging "Fraudulently making a written instrument, etc.," to a term of not less than one nor more than three years, effective April 9, 1954. He was received in the Eastern Correctional Diagnos-

tic and Classification Center on May 26, 1954, and was transferred to Graterford on August 9, 1954.

Relator was released on parole from Graterford on May 9, 1955. This was approximately four months after Graterford became a separate institution. On June 15, 1956, he was sentenced by Judge Sporkin on bill no. 279, May term, 1956, to serve a term of not less than one nor more than four years, after pleading guilty to fraudulently making and publishing a written instrument, etc., and was sent to Eastern Correctional Diagnostic and Classification Center. On June 15, 1956, he was received at the Eastern Correctional Diagnostic and Classification Center and was transferred to Graterford on September 9, 1956.

On May 2, 1958, relator was paroled on the sentence on bill no. 279, May term, 1956, and returned to the Eastern Diagnostic and Classification Center to commence serving the balance of the sentence on bill no. 1379.

The balance owing was two years added to the effective return date as a parole violator, namely, May 2, 1958, extending the maximum expiration date to May 2, 1960: Parole Act of August 6, 1941, P. L. 861, sec. 21.1, amended August 24, 1951, P. L. 1401, sec. 5, 61 PS §331.21a.

A detainer has been filed against relator for violation of parole on bill no. 412, 413, 414, April term, 1953.

Relator's basic position is that Graterford and the Eastern Correctional Diagnostic and Classification Center are both State penitentiaries and both are under the control of the Department of Justice, and hence his back time should have been served first. The Commonwealth contends that Graterford and Eastern Correctional Diagnostic and Classification Center are two distinct and different penitentiaries, that they

have been two distinct penitentiaries since, pursuant to the Act of July 29, 1953, P. L. 1424, the Governor, by executive order dated January 16, 1954, made the State penitentiary at Graterford and the State penitentiary at Rockview separate institutions.

The court is of the opinion that since the executive order of January 16, 1954, Graterford is no longer a part of the Eastern State Penitentiary, and, therefore, the commitment of petitioner by Judge Sporkin on June 15, 1956, to the Eastern Correctional Diagnostic and Classification Center was not to the same institution and under the provisions of the Act of August 24, 1951, P. L. 1401, sec. 5, the service of the new term properly preceded the commencement of the balance of the term originally imposed by Judge Flood in 1954: Commonwealth ex rel. Jackson v. Cavell, 70 Dauph. 185. Moreover, the writ of habeas corpus may not be invoked where the relator is legally confined in prison and admittedly is not eligible for discharge for a substantial period of time: Commonwealth ex rel. Lieberman v. Burke, 158 Pa. Superior Ct. 207.

The petition for writ of habeas corpus is dismissed.